INHABITANTS OF STOUGHTON *vs.* ROBERT PORTER.

If two sticks of timber have long lain parallel to each other, slightly imbedded in the soil, within the limits of a highway, and projecting towards the travelled part thereof, the use of them by the owner of the adjacent land by placing posts on the portion of them nearest the fence is evidence, competent to be submitted to the jury, of his maintaining them there, so as to render him liable to the town for a sum which they have been compelled to pay to a traveller upon the highway for an injury sustained by reason of coming in contact with the other ends of the sticks of timber.

TORT. The declaration alleged that the defendant placed, used and maintained two sticks within the limits of a highway, which constituted a defect therein, and that one Tower, while travelling on the highway, was injured thereby, and sued the town and recovered damages; and this action was brought to recover of the defendant the amount recovered by Tower of the town.

At the trial in the superior court, before *Wilkinson*, J., the defendant testified that he did not place the sticks there ; and that one of them had lain there ten years and the other two years. These sticks were seven or eight feet long and six or eight inches in diameter, and were wholly within the limits of the way, lying parallel with each other, about four feet apart, and projecting towards the travelled part of the way, though not reaching it by two or three feet. In March 1863 the defendant piled some posts upon the ends of the sticks nearest to the fence, and covering about thirty inches of those ends of them. In August following, Tower, in turning out in the evening, upon meeting another team, drove upon the other ends of both of the two sticks, but without striking the posts laid upon them by the defendant, and thus received the injury. At this time the sticks of timber were imbedded in the ground to the depth of about an inch and one half.

The judge instructed the jury that if the defendant did not place the sticks there, yet if he maintained them there he was equally liable for the injury caused by them as if he had placed them there.

The defendant requested the judge to rule that, if the sticks were placed there by another person, the maintenance of them there by the defendant could not be established by proof that he deposited posts on the ends of the sticks nearest to the fence, at some considerable distance from the place where Tower's wheel struck the sticks, unless such deposit of posts changed the position of the sticks or produced some effect upon them so as to cause the accident. But the judge declined so to rule, and instructed the jury that the question whether the defendant maintained the sticks in the highway was for them to decide upon the evidence; that the fact of his putting posts upon them and keeping them there was evidence tending to show that he maintained the sticks in the highway, even though the sticks were not changed in position by putting the posts on them, and though the posts did not contribute to the accident.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E. Ames*, for the defendant, cited *Rowell* v. *Lowell*, 7 Gray, 100; *Flower* v. *Adam*, 2 Taunt. 314; *Moore* v. *Abbot*, 32 Maine 46; *Farrar* v. *Greene*, Ib. 574.

*W. Colburn*, for the plaintiffs, cited *Commonwealth* v. *Wilkinson*, 16 Pick. 175; *Staple* v. *Spring*, 10 Mass. 72; 3 Chit. Crim. L. 612, 618.; 3 Bl. Com. 221.

WELLS, J. There can be no doubt that a person may be held liable for maintaining an obstruction, which constitutes a defect in a highway whereby a traveller receives injury, although he did not himself place it in the street. If he make any use of an erection, placed by others on his premises, such use is certainly evidence tending to show that he adopts and maintains it. Whether such use is sufficient to show that he did adopt and maintain it is for the jury to determine upon all the circumstances of the case. It certainly is not necessary that the injury should result from the particular use which the defendant

makes of the obstruction. In this case, for instance, it is not necessary that the accident should be caused by the posts which the defendant piled upon the sticks, nor by the fact of his having so piled them there. If by so doing the jury should find that he adopted the sticks previously laid there by others, converting or applying them to his own purposes and uses, then he would be responsible for injuries caused by the sticks themselves.

All the rulings and instructions of the judge who tried the cause, as we understand them, were in accordance with these principles.

It is not a case of injury occasioned by the combined effect of two concurrent causes. There was but one cause, the obstruction of the highway by the sticks. Whoever is responsible for their maintenance there is liable for the injury.

*Exceptions overruled.*